UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20670-Civ-TORRES

DIMA DE JESUS RONDA CARRASQUEL
and all others similarly situated,

      Plaintiff,

v.

STONE & WOOD DESIGN, INC. and
MANUEL MIGUEL.

      Defendants.
_____/

## ORDER

This matter is before on various ripe discovery motions filed in the case. The Court has reviewed the motions, responses, supporting materials, and the record in the case. Accordingly, it is **ORDERED and ADJUDGED**:

1. Plaintiff's Motion for Protective Order [D.E. 40] is **DENIED**.

   a. Though counsel's religious needs are certainly deserving of accommodation, Plaintiff's position would be more credible had Plaintiff better satisfied her obligation at providing alternative deposition dates, for mutual agreement, as requested repeatedly by Defendant's counsel. After having failed to receive reasonable and timely responses from Plaintiff, Defendant issued the notice of deposition at issue. The dispute would not have arisen had Plaintiff anticipated the scheduling difficulties in this time period by making counsel and the client available in a reasonable time period. Plaintiff is reminded that under Rule 26(d)(2) discovery

by one party does not require the other to delay its discovery. The practice of delaying a Plaintiff deposition until the discovery period ends and all other discovery taken is improper.

      b.    Unless already moot in the intervening time period, Plaintiff shall make herself available for any date during the week of November 21, 2016, that Defendant's counsel notices for deposition.

      c.    All other discovery is stayed pending completion of Plaintiff's deposition.

      d.    No monetary sanctions shall be entered as the Court does not find that Rule 37 sanctions have been triggered.

2.    Plaintiff's Motion to Compel [D.E. 41] is **DENIED** without prejudice. The motion is Denied as moot/premature given the Court's resolution of the pending motion to quash subpoena. After Plaintiff has an opportunity to review the discovery obtained through such subpoena, Plaintiff may seek any additional supplementation necessary from Defendant, through a request to counsel, or otherwise by renewing this motion to compel with respect to any individual request that may still remain at issue.

3.    Defendant's Motion to Quash and Motion for Sanctions [D.E. 43] is **GRANTED in part and DENIED in part**.

      a.    The motion is Denied with respect to testimony and documents requested in the subpoena limited to the 2014 and forward. The Court finds that such discovery is reasonable and necessary to Plaintiff's case in chief given the current stipulations of the parties. Moreover, the Court finds that Defendant's privacy interests are outweighed by the targeted discovery sought and the necessity for

substantive and impeachment evidence that Plaintiff seeks from Defendant's accountant.

  b. The subpoena is enforced and Plaintiff may set the witness for a deposition, at a mutually agreed upon date and time that follows compliance with section 1 of this Order. But, because the witness is a professional who may be called upon to serve as an expert in this case, the Court finds cause to require reimbursement of a reasonable fee for the time taken by the witness at the deposition. To the extent that Plaintiff declines to incur that expense, Plaintiff may convert the subpoena to purely a duces tecum request for the documentation requested, subject to the limitations in this Order.

  c. The request for fees is Denied as the Court finds that Rule 37 sanctions have not been triggered.

**DONE AND ORDERED** in Chambers at Miami, Florida this 8th day of November, 2016.

                */s/ Edwin G. Torres*
                EDWIN G. TORRES
                United States Magistrate Judge